COLLAZO, PLAINTIFF AND APPELLANT, *v.* RIVERA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 2, in an Action for Divorce.

No. 1709.—Decided January 25, 1918.

DIVORCE — ADVERSE PARTY — JUDGMENT BY DEFAULT — APPEAL — NOTICE OF APPEAL.—An adverse party is one who may be prejudiced or affected by a reversal or modification of the judgment appealed from; therefore, according to section 296 of the Code of Civil Procedure, notice of the appeal must be given to the party who may be prejudiced or affected by the judgment to be rendered on appeal and the fact that such party is in default is no excuse for failure to comply with the statute, which is general and makes

no exception. In the present case an appeal was taken from a default judgment in an action for divorce and the appeal was dismissed for failure to serve notice of the appeal on the defendant in default.

The facts are stated in the opinion.

*Mr. Enrique Rincón* for the appellant.

*Mr. Benjamín Guerra* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by plaintiff Juan Collazo López from a judgment rendered upon default of defendant María Rivera Hernández by the District Court of San Juan, Section 2, on June 6, 1917, dismissing the complaint in an action for divorce, with costs.

Prior to the hearing on the appeal the appellee filed in this court a written motion for dismissal of the appeal on the ground that she had not been served with notice of the appeal. The motion was argued at the hearing and the only objection made by the appellant was that in his opinion section 323 of the Code of Civil Procedure relieved him of the duty of serving the notice when the defendant was in default.

The motion for dismissal is well founded.

Section 296 of the Code of Civil Procedure provides that an appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating that an appeal is taken from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney.

An adverse party is one who would be prejudiced or affected by a reversal or modification of the judgment appealed from; therefore our statute requires that notice of the appeal shall be served on the party who may be prejudiced or affected by the judgment to be rendered on appeal, and the fact that such party may be in default does not relieve the appellant from compliance with the statute, it being general and containing no exception whatever. *Candelas* v. *Ramírez,* 20 P. R. R. 31; *Martínez* v. *Succession of Laurido,* 21

P. R. R. 29; *Galafar* v. *Succession of Morales,* 22 P. R. R. 458; *Ninlliat* v. *Suriñach et al.,* 25 P. R. R. 509.

Applying the foregoing doctrine to this case, we find that the appellee is a necessary party to the appeal, for, if the judgment should be reversed, as prayed for by the appellant, the decision would necessarily affect the defendant-appellee.

The appeal is dismissed without considering its grounds or merits.

*Appeal dismissed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.